Ryan J. Schriever (10816)
**THE SCHRIEVER LAW FIRM**
Attorneys for Plaintiff
P.O. Box 701
Springville, UT  84663
Telephone:  (801) 574-0883
Fax:  (801) 515-8686
ryan@schrieverlaw.com

---

## UNITED STATES DISTRICT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MARTIN CROWSON,<br><br>                          Plaintiff,<br><br>     vs.<br><br>WASHINGTON COUNTY;  WASHINGTON PURGATORY CORRECTIONAL FACILITY; WASHINGTON COUNTY SHERIFF'S DEPARTMENT; SHERIFF CORY C. PULSIPHER; JUDD LAROWE; and JOHN DOES 1-4 in their individual and official capacities,<br><br>                          Defendants. | **COMPLAINT**<br>(JURY TRIAL DEMANDED)<br><br><br>Case No. 2:15-cv-00880-RJS<br><br>Judge Robert J. Shelby |

Plaintiff Martin Crowson, by and through his attorney Ryan J. Schriever of The

Schriever Law Firm, alleges and complains against the defendants as follows:

**INTRODUCTION**

1.       While Plaintiff was an inmate at Purgatory Correctional Facility, officials in the facility failed to provide for Plaintiff's serious medical needs, which directly resulted in Plaintiff requiring emergency hospitalization and extensive medical treatment. Plaintiff continues to suffer from debilitating health problems related to the incident.

2.       Defendants were deliberately indifferent to Plaintiff's serious medical needs and were negligent in not providing Plaintiff with medical care that he obviously needed.  This deliberate indifference led to the need for emergency hospitalization, seven days of inpatient treatment, and an extensive period of convalescence in which Petitioner experienced pain and suffering and impairment to normal functioning.

3.       Plaintiff seeks compensatory damages from all Defendants pursuant to 42 U.S.C. §1983 for violations of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff also seeks compensatory damages with a pendent state claim alleging the following:  violation of Plaintiff's rights under Utah State Constitution, Article I, Section 9; negligence; and negligent infliction of emotional distress.

4.       Plaintiff has complied with Utah Code Ann. §63-30d-402, which requires the filing of notice within one year after the claim arises against a government entity or employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority. Plaintiff asserts that this law is not applicable in 42 U.S.C. §1983 causes of action because a state law may

not impinge upon a federal civil rights action that does not require a tort claim notice. Nonetheless, tort notice was timely served under Utah state law within the requisite time period.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).

6.      Supplemental jurisdiction over the state law claims is proper under 28 U.S.C. §1367. Pendent jurisdiction is also invoked under Utah state law for negligence and negligent infliction of emotional distress. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.      Venue is conferred upon this Court generally by 28 U.S.C. §1391. The unlawful acts and practices alleged herein occurred in the Purgatory Correctional Facility, which is located in Hurricane, Utah, in the County of Washington.

## PARTIES

8.      Plaintiff Martin Crowson ("Crowson") was an inmate at Purgatory Correctional Facility at the time of the incident that forms the Thibasis of this claim.

9.      Defendant Washington County is a government agency and political subdivision of the State of Utah that oversees and operates the Washington County Sheriff's Office and the Washington County Purgatory Correctional Facility.

10.     Defendant Washington County Purgatory Correctional Facility ("Facility"), a correctional facility defined by Utah Code Ann. §64-13-1(2) operated by Defendant Washington County and Defendant Washington County Sheriff's Department by and through their individual agents, is a political subdivision of the State of Utah.

11.     Defendant Cory C. Pulsipher is the current acting Sheriff of Washington County.  He is also a resident of Washington County. Defendant Pulsipher is being sued individually in his official capacity as Sheriff.

12.     Defendant Judd Larowe is listed in the facility records as the "prescriber" of the medications that Plaintiff now alleges caused the conditions requiring emergency hospitalization (i.e. toxic metabolic encephalopathy due to benzodiazepine overdose).

12.      John Does 1-4 are jail employees, jail officers, medical staff, and/or agents of the Washington County Sheriff's Office who participated in the violations described herein that took place between June 29 and July 1, 2014, respectively.  As such, each is responsible in their individual capacities for acts or omissions herein alleged; and, when the full, true and correct names of these individual Defendants become known to Plaintiff, he will seek leave of the Court to amend the complaint to add those names.

## GENERAL ALLEGATIONS

13.     During all times relevant to this Complaint, Defendants were acting under color of the Constitution and the statutes, laws, ordinances, rules, regulations, customs, and usages of the State of Utah, Washington County, and the United States.

14.     Upon information and belief, Crowson was arrested on June 11, 2014, and detained at the Facility on a charge of violating the conditions of probation.  At this time, Facility staff were made aware of Crowson's medical needs related to a serious hospitalization that took place at Dixie Regional Medical Center in St. George, Utah, from May 30 to June 6, 2014.

15.     On June 16, 2014, the Fifth District Court of Washington County, State of Utah, ordered that Crowson be remanded to the care and custody of the Facility.

16.     Upon information and belief, on or around June 29, 2014, Crowson began to exhibit numerous symptoms commensurate with serious medical needs. These symptoms included obvious cognitive issues that influenced Crowson's ability to communicate effectively, thus preventing him from explaining his need for immediate emergency medical attention.

17.     Facility staff did not provide medical care for Crowson at this time because they assumed that he was under the influence of or detoxing from drugs or alcohol. They made this erroneous assumption despite the fact that when Crowson's medical

needs became symptomatic, he had already been detained at the Facility for over 15 days and would not have had easy access to drugs or alcohol.

18.     Facility staff did not attempt to review Crowson's medical history, despite the fact that they had been made aware of Crowson's recent hospitalization. Nor did Facility staff attempt to consult any medical professional with knowledge of Crowson's serious medical needs.

19.     Acting on the assumption that Crowson was under the influence of drugs or alcohol - or that he was simply being purposefully difficult - Facility staff transferred him into a detox cell (citing "abnormal behavior"), where his condition deteriorated due to isolation and lack of appropriate medical care.

20.     Facility medical staff during this time gave Crowson prescribed medication that was not only useless in treating his condition but ulimately resulted in severe medical complications that could have been prevented if Facility staff had recognized the serious medical need and taken the necessary action.

21.     When Crowson did not appear to be getting better - after spending several days in the detox cell - Facility staff finally transported him to the emergency department at Dixie Regional Medical Center.

22.     Crowson was admitted and hospitalized for a total of six days due to serious medical conditions that had been made worse by medication given to Crowson

by Facility medical staff and by the fact that Crowson had not been given prompt medical attention when his symptoms first started to manifest.

23.     Dixie Regional physicians eventually diagnosed Crowson with "toxic metabolic encephalopathy" and other problems; and Crowson's recovery was greatly undermined by the dose of Librium that he was given by Facility medical staff several days prior to being transported to the emergency room.

24.     Crowson's recent medical history - specifically, his prior hospitalization at Dixie Regional a few weeks before being arrested and detained at Facility - would have revealed to Facility staff that Crowson should not have been given any drug categorized as a benzodiazepine.

25.     The drug Librium is a synthetic benzodiazepine that the physicians at Dixie Regional opined was the cause, or at least a significant aggravating factor, of Crowson's serious medical needs.

26.     Toxic encephalopathy is generally described as a degenerative neurologic disorder caused by exposure to toxic substances (including benzodiazepine), the symptoms of which include memory loss, personality changes, increased irritability, concentration difficulties, involuntary movements, fatigue, seizures, decreased strength, and depression.  Without treatment, symptoms of toxic encephalopathy can worsen dramatically.

27.     Crowson's condition necessitated consultation with a speech-language pathologist during his hospitalization. This professional assessed that Crowson was suffering from "severe deficits crossing all cognitive and expressive modalities," which were related to Librium-induced toxic metabolic encephalopathy. Dixie Regional medical staff who first observed Crowson's behavior described these deficits as "delirium".

28.     Dixie Regional physicians were explicit that Crowson's condition was not related to alcohol withdrawal, contrary to the assumption of Facility staff.

29.     In addition to toxic encephalopathy, Crowson was diagnosed with other conditions, including serious liver problems.

30.     Crowson was released from the hospital on July 7, 2014, but he continued to suffer from residual effects of encephalopathy, liver disease, and other problems.

31.     The chain of events beginning with Crowson's manifestation of serious medical needs and culminating in the eventual hospitalization at Dixie Regional caused Crowson to experience significant physical and emotional anguish.

## FIRST CAUSE OF ACTION
### (Cruel and Unusual Punishment / Denial of Medical Care - 42 U.S.C. §1983)

32.     Plaintiff repeats and realleges each of the preceding paragraphs (1-31) set forth above as if stated fully herein.

33.     Plaintiff was entitled to receive adequate medical care for serious medical needs that arose while he was in the care and custody of the Defendants.

34.     Defendants were deliberately indifferent to Plaintiff's serious medical needs, which is a blatant violation of Plaintiff's constitutional rights protected by the Eighth Amendment to the United States Constitution.

35.     As a direct and proximate result of Defendant's deliberate indifference toward Plaintiff's serious medical needs, Plaintiff experienced unnecessary physical and emotional pain and suffering. Plaintiff's medical condition became worse when he was denied prompt medical care, placed in a detox cell, and given medication that seriously undermined his recovery.

36.     Defendants knew about Plaintiff's serious medical needs, prior hospitalization, and contraindication to benzodiazepine; but they failed to utilize this knowledge when Plaintiff began exhibiting symptoms of a serious medical condition. Defendants' behavior constituted a conscious disregard of the substantial risks posed by not adhering to Plaintiff's medical history while confronting a possible emergency.

37.     Defendants' acts were done under color of law, statute, ordinance, regulation, custom or usage, and caused and proximately caused injury to Crowson in violation of 42 U.S.C. §1983, the Eighth Amendment and the Fourteenth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION
### (Violation of Utah Constitution, Article I, Section 9)

38.     Plaintiff repeats and realleges each of the preceding paragraphs (1-37) set forth above as if stated fully herein.

39.     Defendants' deliberate indifference toward Plaintiff's serious medical needs also constitutes a violation of Article I, Section 9 of the Utah State Constitution, which mirrors the rights enshrined in the Eighth and Fourteenth Amendments to the United States Constitution.

## THIRD CAUSE OF ACTION
### (Negligence)

40.     Plaintiff repeats and realleges each of the preceding paragraphs (1-39) set forth above as if stated fully herein.

41.     Defendants had a duty of care to provide reasonable medical care to Plaintiff during the time he was incarcerated.

42.     The deliberate indifference of the facility personnel, as well as the action of prescribing a medication that was clearly contraindicated for Plaintiff, constitutes a breach of the requisite standard of care.

43.     Plaintiff suffered bodily harm as a direct result of defendants' negligence.

## FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

44.     Plaintiff repeats and realleges each of the preceding paragraphs (1-43) set forth above as if stated fully herein.

45.     In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

46.     Plaintiff suffered emotional distress as a direct and proximate result of Defendants' actions enumerated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks that this Court:

47.     Accept jurisdiction of these federal and pendent state claims and grants the request for a jury trial.

48.     Award him compensatory damages from Defendants, jointly and severally.

49.     Award him punitive damages from one or more of the Defendants under his §1983 claim because the defendants exhibited reckless or callous indifference to the plaintiff's federally protected rights and/or their conduct was motivated by evil motive or intent.

50.     Award him costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); and

51.     Grant such other and further relief as the Court deems just and proper.

DATED this 15th day of December, 2015.

MYLER INJURY

/s/ Ryan J. Schriever

_____

Ryan J. Schriever
*Attorneys for Plaintiff*