Ryan J. Schriever (Bar No. 10816)
THE SCHRIEVER LAW FIRM
P.O. Box 701
Springville, UT 84663
Telephone: (801) 574-0883
Fax: (801) 515-8686
ryan@schrieverlaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| MARTIN CROWSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>WASHINGTON COUNTY, et al.,<br><br>                    Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANT JUDD LAROWE, M.D.'S MOTION TO DISMISS**<br><br>Case No. 2:15-CV-880-TJ<br><br>Judge Tena Campbell |

Plaintiff Martin Crowson, by and through counsel, submits this Memorandum in Opposition to Defendant Judd Larowe M.D.'s Motion to Dismiss.  The plaintiff requests oral arguments.

### RESPONSE TO DEFENDANT'S RECITATION OF THE ALLEGATIONS

1.      In his statement of the allegations, paragraph 3, the defendant has recited the allegations to sound as if Crowson was dazed and confused prior to his incarceration. That is not accurate, Crowson was incarcerated on June 25, 2014.  It was during his incarceration that he began acting dazed and confused.  (Am. Compl. ¶¶15-17.)

1

## ARGUMENT

The Court should deny Defendant Judd Larowe, M.D.'s Motion to Dismiss because the plaintiff has stated a viable civil rights claim over which the Court has jurisdiction. When considering a motion to dismiss under Rule 12(b), the District Court "must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Even under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Court may allow a well-pleaded complaint to proceed "even if it strikes a savvy judge that actual proof of those facts in improbable, and that recovery is very remote and unlikely." *Id.* *Twombly* states "that the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Robbins*, 519 F.3d at 1247 (citing *Twombly*, 127 S.Ct. at 1974). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

## I.   CROWSON'S §1983 CLAIM AND UTAH CONSTITUTION CLAIM ARE NOT GOVERNED BY THE UTAH HEALTHCARE MALPRACTICE ACT

The Court should deny the defendant's motion to dismiss as it relates to the first and second causes of action.  The first cause of action is for liability under 42 U.S.C. § 1983.  The defendant has argued claims should be dismissed for failure to comply with the Utah Health Care Malpractice Act ("UHCMA"), but the defendant may not rely on a

state law defense to preclude the plaintiff from asserting a cause of action for violating a federal right.  "Federal law takes state courts as it finds them only insofar as those courts employ rules that do not 'impose unnecessary burdens upon rights of recovery authorized by federal laws.'" *Felder v. Casey*, 487 U.S. 131, 1 (1988) (citing B*rown v. Western R. Co. of Alabama*, 338 U.S. at 298-299; *and Monessen Southwestern R. Co. v. Morgan*, 486 U.S. 330, 336 (1988) (state rule designed to encourage settlement cannot limit recovery).  "Principles of federalism, as well as the Supremacy Clause, dictate that such a state law must give way to vindication of the federal right when that right is asserted . . ." *Id.* at 153.

Defendant Larowe has cited *Tools v. Red Rock*, Case No. 2:05-CV-155 TS, (D. Utah 2005) and *Weber v. Diamond Ranch Academy*, 2:14-cv-00884-DBP to support his Motion to Dismiss.  Both of those cases are unpublished decisions that did not involve an allegation of cruel and unusual punishment or any other §1983 claim for violation of a constitutional right.  They dealt solely with state law claims for medical malpractice.  Even if the Court dismisses the third and fourth causes of action for failure to comply with the UHCMA, there is no legal basis for dismissing the first and second causes of action.

The second cause of action is for a violation of Utah Constitution Article I, Section 9.  The Unusual Punishment Clause of the Utah Constitution has been found to be self-executing. *Spackman v. Board of Educ.*, 16 P.3d 533, 535 (Utah 2000) (*citing Bott v. Deland*, 922 P.2d 732, 737-38 (Utah 1996). To proceed on a claim for monetary damages under the Utah Constitution, a plaintiff must prove three things: (1) a flagrant violation of his constitutional rights; (2) that existing remedies do not redress his or her injuries; and (3) that equitable relief, such as an injunction, was and is wholly inadequate to protect the

plaintiff's rights or redress his or her injuries. *Spackman*, 16 P.3d at 539.  The plaintiff has alleged facts sufficient to satisfy those elements, and the defendant may not rely on a statute to deprive the plaintiff of a constitutional right. To the extent the statute is not consistent with the constitutional right, the statute is not constitutional.  For these reasons, the Court should deny the defendant's motion to dismiss.

## II.   THE PLAINTIFF'S FEDERAL CLAIMS ARE NOT BARRED BY THE ABSTENTION DOCTRINE

The Court should decline to apply any abstention doctrine to Crowson's federal law claims.  Defendant Larowe has argued that Crowson's right to redress a constitutional claim for cruel and unusual punishment should be subordinated to the Utah Health Care Malpractice Act ("UHCMA"), presumably under the *Burford* abstention doctrine.  That would be an erroneous application of the abstention doctrine.

The *Burford* abstention doctrine states that:

> [w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

This doctrine does not apply for at least four reasons: (A) the federal court is not sitting in equity; (B) the federal court has jurisdiction pursuant to 42 U.S.C. §1983; (C) the case does not involve difficult questions of state law whose importance transcends the result of this case; and (D) the exercise of federal jurisdiction a federal law claim would

4

not be disruptive of a state effort to establish a coherent policy with respect to a matter of substantial public concern.

### A. Abstention Does Not Apply Because the Court is Not Sitting in Equity

Under Supreme Court precedent, "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 at 731 (U.S. 1996). Cases for damages are neither equitable nor discretionary, and the *Burford* abstention doctrine does not apply. *See id.*

In this case, Crowson has not demanded equitable or discretionary relief. Crowson has prayed for monetary damages allowed under 42 U.S.C. §1983. Crowson has not requested equitable, injunctive, or any other type of relief that would potentially invoke the abstention doctrine. A civil rights claim for deliberate indifference to the constitutionally protected right to reasonable medical care in prison is a federal claim not subject to the state law defenses applicable to a state law medical malpractice claim. *See Felder*, 487 U.S. at 152 ("State courts simply are not free to vindicate the substantive interests underlying a state rule of decision at the expense of the federal right."). The Court should not treat the federal claim and the state law negligence claim the same even if some of the factual allegations overlap. There is no legal basis for application of the abstention doctrine relating to a civil rights claim under federal law, and the Court should deny the defendant's motion to dismiss in that regard.

**B. The Federal Court Has Jurisdiction Over Section 1983 and Civil Rights Claims**

The Court has original jurisdiction over the plaintiff's federal law claims and should deny the defendant's motion to dismiss.   The protections afforded by the Eighth Amendment to the Unites States' Constitution and 42 U.S.C. §1983 are not subject to the whims of the Utah state legislature.   U.S. CONST. ART. VI and AMEND. VIII, XIV.   "When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction. . . . The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied."   *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350 at 354 (U.S. 1989) (hereinafter referred to as *NOPSI*) (*quoting Willcox v. Consolidated Gas Co.*, 212 U.S. 19, 40 (1909)). "In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584 (U.S. 2013).  The Supreme Court has called the Court's requirement to exercise such jurisdiction "virtually unflagging."  *Id.*

In this case, the Court has jurisdiction of civil rights claims under 28 U.S.C. §1343 and supplemental jurisdiction over state law claims under 28 U.S.C. §1367.   Section 1343(a) states, "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . ."  *Id.*  Because the Court has original jurisdiction over the plaintiff's

claims, the Court should hear those claims and not abstain from its proper exercise of jurisdiction.

### C.  THE CASE DOES NOT INVOLVE DIFFICULT QUESTIONS OF STATE LAW WHOSE IMPORTANCE TRANSCENDS THE RESULT OF THIS CASE

The *Burford* abstention doctrine does not apply to a claim that a state employee, acting under color of law, deprived a person of the right to be free of cruel and unusual punishment.  The defendant has not cited any case law to support such a position. Instead, the defendant cited an unpublished case in which a District Court wrote that the "[abstention] doctrine . . . has consistently been applied by the 10th Circuit and this Court **[where] intervention of a federal court is <u>not</u> necessary** for the protection of federal rights."  (*See* Larowe's Memorandum at 9 (quoting 1:10-cv-194 (D. Utah Feb. 23, 2011) (emphasis added).)  In the instant case, by contrast, intervention of a federal court is necessary.  This case involves a plaintiff who has expressly asked the Court to exercise jurisdiction to protect his constitutional right to be free of cruel and unusual punishment.

In essence, the defendant has erroneously argued that the Court should place a higher value on Utah's desire to discourage medical malpractice lawsuits than it should place on Martin Crowson's constitutional right to be free of cruel and unusual punishment. The defendant has argued that Utah adopted the UHCMA to address the number of suits and claims for damages against medical care providers, the amount of judgments, the rising cost of medical malpractice insurance, the rising cost of health care, and the discouragement of health care providers from continuing to provide services.  However, none of those concerns apply to an inmate in a Utah correctional facility who has been deprived of his constitutional rights.

Federal law requires correctional facilities to provide medical care to inmates and that right will not be chilled by the filing of lawsuits premised on facts that might otherwise also constitute a medical malpractice cause of action.  Under the Eighth Amendment, prison officials must provide a system of ready access to adequate medical care, including mental health care, that provides access to medical staff who are competent to examine inmates, diagnose illnesses, and treat medical problems or refer inmates to those who can. U.S. CONST. AMEND. VIII; s*ee e.g., Coleman v. Brown*, 938 F.Supp.2d 955, 979 (E.D. Cal. 2013); *Paine v. Cason,* 678 F.3d 500 (7th Cir. 2012); *Catanzaro v. Harry*, 848 F. Supp. 2d 780 (W.D. Mich. 2012); *Varricchio v. County of Nassau*, 702 F. Supp. 2d 40 (E.D. N.Y. 2010).

Furthermore, the policy underlying the UHCMA is not substantial to the State of Utah.  The UHCMA was allegedly designed to protect doctors and malpractice insurance carriers, but that policy is not essential to the operation of Utah's government or Utah's interest in managing its own judiciary.  Currently, there is significant legal and scholarly debate over whether malpractice statutes like UHCMA are effective and justified, or whether they are merely arbitrary provisions adopted by reactionary legislators to a perceived "medical malpractice crisis" peddled to the American people by the malpractice insurance industry.  *See e.g.*, E*state of McCall v. United States*, 134 So.3d 894 (Fla. 2014).

Whatever value the policies underlying the UHCMA may or may not have, those policies should never be granted more importance than a person's constitutional rights. In fact, the Utah Supreme Court recently held that the statutory damages cap of UHCMA

is unconstitutional under the Utah Constitution.  *Smith v. United States*, 356 P.3d 1249

(Utah 2015).

For these reasons, the defendant's arguments for abstention are not persuasive

and the Court should deny the defendant's motion.

### D. THE EXERCISE OF FEDERAL JURISDICTION OVER A FEDERAL LAW CLAIM WOULD NOT BE DISRUPTIVE OF A STATE EFFORT TO ESTABLISH A COHERENT POLICY WITH RESPECT TO A MATTER OF SUBSTANTIAL PUBLIC CONCERN

The Court's exercise of jurisdiction over this civil rights claim will not be disruptive

of a statutory scheme that requires abstention.  *See e.g.*, *Felder*, 487 U.S. at 151

("enforcement of the notice of claim statute in § 1983 actions brought in state court so

interferes with and frustrates the substantive right Congress created that, under the

Supremacy Clause, it must yield to the federal interest").

The defendant has argued that Utah has an interest in maintaining uniformity

among medical malpractice claims, but that argument is neither material nor persuasive.

The UHCMA does not provide a complicated scheme of regulations or rules that promote

uniformity similar to the regulations that formed the basis of the adjudication in *NOPSI* or

other abstention cases.  This case does not involve anything like a state interest in

preserving utility rates or water rights that apply to more than one person.  This case only

applies to one person whose case is unique from every other person.

In general, the UHCMA does not promote uniformity in medical malpractice cases

or in the procedures used to govern substantial state policies.  Unlike other cases where

federal courts have exercised abstention, the UHCMA does not create an administrative

body with final adjudicatory or rule-making authority.  Instead, the UHCMA sets forth pre-

litigation review procedures that are not binding on either the plaintiff or the medical care provider.  In fact, the only authority granted to an administrative agency under the UHCMA is the power to issue a non-binding certificate of compliance with the pre-litigation review procedures.  Utah Code Ann. §78B-3-418.  The statute expressly provides that the pre-litigation review process is not binding and that "[t]here is no judicial review or appeal of the panel's decision."  *Id.* §418(2)(b).  The results of the pre-litigation proceeding are not admissible in evidence and the panelists who issued the recommendations in the case cannot be compelled to testify at a later proceeding.  Utah Code Ann. §78B-3-419.

There is nothing about the procedures of the UHCMA that promote uniformity in the outcome of medical malpractice claims in the state of Utah.  The results of medical malpractice cases are as varied as the circumstances that give rise to those claims.  Accordingly, the defendant's argument for the exercise of abstention would not promote uniformity.

The defendant has also argued that the UHCMA was designed "to expedite early evaluation and settlement of medical malpractice claims."  (Larowe Memo at 10-11.)  However, the UHCMA is not necessary to effect that result.  Crowson would willingly engage in settlement discussions with the defendants, and there is nothing that would prohibit the defendants from engaging Crowson in a mediation or other settlement discussion.  As such, the Court's exercise of jurisdiction over Crowson's civil rights claims will not disrupt a substantial state policy.

## **CONCLUSION**

The Court should deny the defendant's motion as to Crowson's civil right claim and the Utah Constitution claim because those claims are viable and are not subject to the UHCMA or the abstention doctrine.

DATED this 14th day of October, 2016.

SCHRIEVER LAW FIRM

/s/ Ryan J. Schriever
_____

Ryan J. Schriever
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 14th day of October, 2016, a true and correct copy of the foregoing Memorandum in Opposition to Defendant Judd Larowe, M.D.'s Motion to Dismiss was filed using the Court's CM/ECF filing system which automatically generated notice to the following:

Shawn McGarry
smcgarry@kippandchristian.com
Gary T. Wight
gwight@kippandchristian.com


Frank D. Mylar
Mylar-law@comcast.net

/s/ Ryan J. Schriever

_____