THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARTIN CROWSON,<br><br>                Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART [120] MOTION FOR AMENDED SCHEDULING ORDER**<br><br>Case No. 2:15-CV-880 DBB<br><br>District Judge David Barlow |

On July 19, 2019, defendants Johnson's and LaRowe's summary judgment motions, based on qualified immunity, were denied.[1] Defendant Washington County's summary judgment motion was also denied, except as to plaintiff's § 1983 claim based on its solitary confinement policy.[2]

The Tenth Circuit Court of Appeals "exercise[d] limited jurisdiction" over defendants Johnson's and LaRowe's appeals "for purely legal issues of qualified immunity through the collateral order doctrine."[3] Because defendant Washington County's "liability on a failure-to-train theory. . . [was] inextricably intertwined" with the Tenth Circuit's holding on defendant Johnson's appeal, the Tenth Circuit "exercise[d] pendent appellate jurisdiction" over the failure-to-train cause of action.[4]

---

[1] Order and Memorandum Decision, ECF No. 93 at 19, filed July 19, 2019.
[2] *Id.*
[3] *Crowson v. Washington County Utah*, 983 F.3d 1116, 1174 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 524-30 (1985)).
[4] *Id.*

The Tenth Circuit then reversed "the district court's denial of summary judgment to Nurse Johnson and Dr. LaRowe . . . [and] to the County on the failure-to-train theory" of liability.[5] However, it lacked jurisdiction to address defendant Washington County's appeal as to "the systemic failure theory" about the County's alleged "reliance on policies and procedures that were deliberately indifferent to prisoners' medical needs,"[6] and so dismissed that part of the appeal.[7] The court of appeals remanded "for further proceedings consistent with this opinion."[8]

On March 31, 2021, the court vacated the denial of summary judgment to defendants Johnson and LaRowe and granted them summary judgment.[9] The same Order vacated the denial of summary judgment to defendant Washington County on plaintiff's failure-to-train claim—and granted Washington County summary judgment as to plaintiff's failure-to-train claim.[10] Finally, the court ordered that, within sixty days, plaintiff and remaining defendant Washington County must propose a scheduling order for further proceedings as to plaintiff's only remaining claim based on the systemic failure theory.

On June 6, 2021, plaintiff moved for entry of an amended scheduling order that provides for expert discovery issues to be briefed by February 29, 2022, and advised, "The case should be ready for trial by May 15, 2022."[11] In the absence of any response by remaining defendant, the court granted the motion and entered an amended scheduling order, changing only the line about

---

[5] *Id*. at 1193.
[6] *Id.* at 1174, 1185, 1192.
[7] *Id.* at 1192.
[8] *Id.* at 1193.
[9] Order on Remand, ECF No. 114, filed March 31, 2021.
[10] *Id.*
[11] Plaintiff's Motion for Amended Scheduling Order, ECF No. 115, filed June 6, 2021.

the case being "ready for trial."[12] The order as entered instead states, "A status conference to discuss trial dates is set for May 16, 2022 at 2:30 p.m."[13]

Remaining defendant Washington County now moves the court to amend the July 8, 2021 scheduling order to allow it to file a second summary judgment motion addressing the systemic failure theory and accounting for the Tenth Circuit's previous decision. Meanwhile, plaintiff opposes this motion contending that the case is nearly six years old, potentially involves a "fact-intensive analysis," and possibly prejudices plaintiff by putting off resolution of the case.[14]

The interests of justice require that the parties have an opportunity to address the remaining systemic failure claim, both because the issue was not well developed by the parties and, more importantly, because fairness requires that the parties have an opportunity to incorporate in their positions the guidance provided by the Tenth Circuit's decision. This litigation will benefit from thorough treatment of this single claim in a new summary judgment motion, with both sides focusing singularly on the facts and law regarding the surviving claim in light of the Tenth Circuit's decision. This can be accomplished by the time of the status conference set for May 16, 2022. There is no delay or prejudice from using the time accordingly. However, there is no need to extend the deadlines set forth in the scheduling order.

IT IS ORDERED that:

---

[12] Amended Scheduling Order, ECF No. 116, filed July 8, 2021.
[13] *Id.*
[14] Memorandum in Opposition to Defendant's Motion for Amended Scheduling Order, ECF No. 122 at 3, filed November 21, 2021.

1. Defendant's motion for an amended scheduling order is DENIED,[15] and the July 8, 2021 Amended Scheduling Order[16] remains in place.

2. Defendant's motion for permission to file a motion for summary judgment on the systemic failure claim is GRANTED.[17] Defendant must file any such motion within 30 days of this order. Plaintiff's response is due 30 days after the filing of the motion. Defendant's reply is due 14 after Plaintiff's response is filed.

DATED this 4th day of January, 2021.

BY THE COURT:

_____
DAVID BARLOW
United States District Judge

---

[15] Plaintiff's Motion for Amended Scheduling Order, ECF No. 120, filed October 25, 2021.
[16] Amended Scheduling Order, ECF No. 116, filed July 8, 2021.
[17] Plaintiff's Motion for Amended Scheduling Order, ECF No. 120, filed October 25, 2021.